# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL No. 6:08cr16-1 |
| | § | |
| STEVEN BRUCE BOX | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On December 17, 2008, the Court conducted a hearing to consider the United States' petition to revoke the supervised release of Defendant Steven Bruce Box. The United States was represented by Jim Middleton, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Wayne Dickey, Assistant Federal Public Defender.

Defendant originally pleaded guilty to the offense of Burglary of a Post Office, a Class D felony. The offense carried a statutory maximum imprisonment term of five (5) years. The United States Sentencing Guideline range for this violation based on a total offense level of twelve (12) and a criminal history category of VI, was thirty (30) to thirty-seven (37) months. On December 14, 2001 U.S. District Judge H. Dean Buttram Jr. of the Northern District of Alabama sentenced Defendant to fifty-one (51) months imprisonment, followed by three (3) years of supervised release, subject to the standard conditions of release, plus special conditions including participation in drug aftercare; participation in mental health treatment; a prohibition on incurring new debt; and a prohibition on possessing a pager, cell phone, or other portable communication device unless it is in connection with legitimate employment.

On June 8, 2007 Defendant completed his term of imprisonment and began the three (3) year term of supervised release. Under the term of his supervised release, Defendant was required, in

relevant part, to 1) comply with the probation office's policies and procedures concerning court ordered financial obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case and 2) reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence as directed by the United States Probation Officer and observe the rules of that facility.

In its petition, the government alleges that Defendant violated these conditions by failing to make restitution payments in the amount of $100 per month for the months of January, February, March, April, and May 2008. The government also alleges that Defendant left the County Rehabilitation Center in Tyler, Texas and failed to return to the facility as required by the facility rules. He completed 39 days of the court ordered 180 days in the Rehabilitation Center.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than two (2) years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Section 7B1.1(a) of the Sentencing Guidelines indicates that if the Court finds by a preponderance of the evidence that Defendant violated conditions of supervision by failing to make restitution payments in the amount of $100.00 per month for the months of January, February, March, April, and May 2008, Defendant will by guilty of committing a Grade C violation, for which the Court may either revoke supervised release or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is eight (8) to fourteen (14) months. U.S.S.G. § 7B1.4(a).

Section 7B1.1(a) of the Sentencing Guidelines indicates that if the Court finds by a preponderance of the evidence that Defendant violated conditions of supervision by failing to comply

with rules of the residential reentry facility and by leaving the facility before completing his Court ordered period of 180 days, Defendant will be guilty of committing a Grade C violation, for which the Court may either revoke supervised release or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is eight (8) to fourteen (14) months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to both allegations. Further, the parties agreed that Defendant should be sentenced to eight (8) months.

Pursuant to the Sentencing Reform Act of 1984 and the agreement of the parties, the Court **RECOMMENDS** that Defendant Steven Bruce Box be committed to the custody of the Bureau of Prisons for a term of imprisonment of eight (8) months to start on December 17, 2008 and to be served concurrently with the sentence in *State of Texas v. Steven Bruce Box*, cause number 37131-A from the 188th District Court in Gregg County, Texas, with no supervised release to follow. The Court further **RECOMMENDS** that Defendant be imprisoned at a federal medical facility. The Court finds that Defendant need not discharge his unserved portion of confinement at the residential reentry facility. The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Michael H. Schneider for adoption immediately upon issuance.

**So ORDERED and SIGNED this 19th day of December, 2008.**

3

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE